Dickman, J.
On November 23, 1891, Foster E. Simmons, the defendant’ in error, was indicted under section *306 7098, of the Revised Statutes, for unlawfully and falsely forging and altering the date on a railroad ticket. A demurrer to the indictment was sustained by the court of common pleas,' and the defendant was thereupon discharged. The state filed a petition in error in the circuit court, praying for a reversal of the judgment rendered by the court of common pleas, and that .the case might be remanded for trial upon the indictment. The circuit court dismissed the case for want of jurisdiction, the journal entry being in the following words: “The court order that the petition in error be, and it is hereby, dismissed for want of jurisdiction, the court being of the opinion that under section 7356, of the Revised Statutes of Ohio, it has no power to review the action' of the common pleas court in sustaining the demurrer to the indictment, said indictment charging a violation of the criminal statutes of the state of Ohio.” To this ruling of the circuit court the plaintiff in error excepted, and leave is now sought to file a petition in error to reverse the judgment of that court.
Section 7356 of the Revised Statutes, provides as follows: “ In any criminal case, including a conviction for a violation of an ordinance of a municipal corporation, the judgment or final order of a court or officer inferior to the common pleas court ma3^ be reviewed in the common pleas court; a judgment or final order of any court or officer inferior to the circuit court may be reviewed in the circuit court; and a judgment or final order of the circuit.court or the common pleas court in cases of conviction of a felony or a misdemeanor, and the judgment of the circuit court in any other case involving the constitutionality or construction of a statute, may be reviewed by the Supreme Court.”
It is obvious, that under this section, thé defendant in any criminal case may have a review in the court of common pleas, circuit court, or Supreme Court, of a judgment or final order that has been rendered against him. But it is claimed in behalf of the plaintiff in error, that where on ■demurrer to the indictment, judgment is given for the defendant, the state also may prosecute error in the circuit court.
*307 Unless permitted by statute, the weight of authority in this country is against the right of the government to bring error in a criminal case. In Illinois, where the matter had not been regulated by statute, the Supreme Court dismissed a writ of error which had been brought by the state’s attorney, on the ground that a writ of error would not lie in behalf of the people in a criminal case. The People v. Dill, 1 Scam. 257. In the case, Commonwealth v. Harrison, 2 Virg. Cas. 202, the general court of Virginia decided, that a writ of error which had been awarded by a judge in vacation, on the application of the attorney for the commonwealth, had improvidently issued, “because no writ of error lies in a criminal case for the commonwealth.” In The State v. Reynolds, 2 Hay, 110, the Supreme Court of Errors and Appeals, of Tennessee, held, that a writ of error, or appeal in the nature of a writ of error, would not lie for the state in a criminal case. The court said: “A writ of error will lie for the defendant, but not against him. This is a rule of such vital importance to the security of the citizen, that it cannot be impaired but by express words.” In the case, The People v. Corning, 2 N. Y. 1, there was an elaborate review of the authorities on the subject, both English and American, and the court of appeals came to the decision, that a writ of error would not lie in behalf of the people, after a judgment for the defendant. In that case, the defendant was indicted for perjury, in the court of general sessions of the county of Onondaga, and, as in the case at bar, on demurrer to the indictment, judgment was rendered in his favor. Commonwealth v. Cummings and Commonwealth v. McGinnis, 3 Cush. 212, were indictments for violations of the license laws. The judgment was arrested in the first entitled case for certain formal defects in the indictment, and the defendant discharged; and in the second case, the indictment was quashed on the defendant’s motion. The cases came before the Supreme Court, on writs of error brought by the commonwealth, to reverse the judgment in favor of the defendants. Shaw, C. J., said: “This court is of opinion, that the weight of authority is adverse to the right of the commonweálth, to.maintain a writ of error *308 in a criminal case, and that in every view, which we have been able to take of the subject these writs of error must be dismissed. See Wharton’s Cr. Pl. § 773, and cases cited.
It being, therefore, the prevailing doctrine in this country, in the absence of a statutory rule to the contrary, that in a criminal case a writ of error cannot be taken by the prosecution to review an adverse judgment on demurrer or other procedure before the trial court, the question arises, whether such right of review in the circuit court is given to the state, under section 7356 of the Revised Statutes. If the language of that section, “ a judgment or final order of any court or officer inferior to the circuit court may be reviewed in the circuit court,” is to be taken without limitation, then, upon an acquital of the defendant, the state might claim the right of review, in violation of the constitutional rule, that no person shall be twice put in jeopardy for the same offense. But no such interpretation can be given to that language; and when, in the clause immediately following, there is designated what decisions of the circuit court the Supreme Court may be called upon to review, the language is, “a judgment or final order of the circuit court or the common pleas court in cases of conviction of a felony or a misdemeanor,” thus indicating a proceeding in behalf of the defendant, and not for the state that has secured the conviction.
Upon an examination of the sections of the statute regulating proceedings in error in criminal cases — sections 7356 to 7367, inclusive — it will be seen, that no provision has been made for the filing of a petition in error by the state. Section 7358 provides that the proceedings to review a judgment in a criminal case shall be by a petition in error; and by section 7359, when such petition is filed in any court, a summons in error is to be issued, commanding notice to be given to the prosecuting attorney, and if issued from the Supreme Court, a copy thereof is to be forwarded to the attorney-general; and by section 7362, provision is made for suspending the execution of sentence while proceedings in error are pending — thus manifesting that the statute contemplates a review of the judgment or final order, not in behalf of the state, but in behalf of the defendant.
*309 Under section 7305 et seq. of the Revised Statutes, the prosecuting attorney may except to any decision of the court, and tender his bill of exceptions thereto, and have the same signed and made a part of the record; and the prosecuting attorney may present such bill of exceptions to the Supreme Court; and if the Supreme Court be of the opinion that the questions, presented should be decided upon, the bill of exceptions is to be allowed and filed, and a decision rendered thereon. But such procedure is not bj' petition in error. And the provision of the statute — section 7308 — that the judgment of the co'urt in the case in which the bill of exceptions -was taken, shall not be reversed, nor in any manner affected, but that the decision of the Supreme ■Court shall determine the law to govern in any similar case, evidences a legislative intent not to authorize the state to institute proceedings in error to reverse a judgment rendered in favor of the accused in a criminal case.
Our attention has been called to.the cases Van Wert v. Brown and State v. Rouch, 47 Ohio St. 477, in which it was held, that section 7356 conferred upon this court jurisdiction to review the judgment of the circuit court, in a case where the charge was a violation of a municipal ordinance. But the decision in those cases was based upon the distinction, that a violation of the ordinance in question, though immoral and mischievous in its tendency, was not a crime, but at most only quasi criminal.
In State v. Josephs, 43 Ohio St. 457, it was decided, that section 7356 does not authorize this court to review a judgment of the circuit court reversing a judgment of conviction rendered in the court of common pleas in a criminal case. The judgment of the circuit court was in favor of the accused, and this court held, that as against the accused, it had no authority to review that judgment, in behalf of the state.-'
In our opinion, the circuit court 'did not err in dismissing the petition in error for want of jurisdiction, and

Leave to file in this ooiort a petition in error in behalf of the state is refused.